# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARCUS S. JOHNSON, JR.,**
   **Plaintiff,**

 v.                   Case No. 21-C-18

**COLTON KAMMER, et al.,**
   **Defendants.**

## ORDER

On May 28, 2021, I screened plaintiff Marcus S. Johnson, Jr.'s pro se complaint filed under 42 U.S.C. § 1983 and allowed him to proceed on Eighth Amendment claims against four correctional officers at Green Bay Correctional Institution. ECF No. 11. After the defendants answered the complaint, the court entered a scheduling order providing a December 20, 2021 deadline for the parties to conduct discovery and a January 20, 2022 deadline for them to file motions for summary judgment. ECF No. 15.

On August 10, 2021, well ahead of both the discovery and dispositive motion deadlines, the plaintiff moved for summary judgment. ECF No. 19. The plaintiff states his motion "is based on the Accompanying Attachments: Brief, exhibits, declaration, and plaintiff's proposed finding of [f]acts." *Id.* But the plaintiff did not file any exhibits or declarations and filed only a brief and proposed findings of fact in support of his motion. ECF Nos. 20 & 21. The defendants oppose the motion. ECF No. 22.

A party is entitled to summary judgment if it shows there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute

over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* At summary judgment a party "must go beyond the pleadings and support its contentions with proper documentary evidence." *Nelson v. Stevens*, No. 20-1916, 2021 WL 2181421, at *3 (7th Cir. May 28, 2021) (quoting *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Included with the scheduling order is a copy of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, which provide the requirements and rules for parties filing or opposing a motion for summary judgment. ECF No. 15 at 6–7, 9–10. Those rules explain that the moving party must support its factual assertions by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)–(B). The court's Civil Local Rules similarly provide that the moving party's statement of proposed material facts must reference "the affidavits, declarations, parts of the record, and other supporting materials relied upon." Civil L. R. 56(b)(1)(C)(i). The moving party also must file with his motion "any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c)." Civil L. R. 56(b)(1)(D). Federal Rule 56 further provides that if a party fails to support an assertion of fact, the court may allow the party an opportunity to properly support or address the fact, consider it unopposed for purposes of the motion, grant summary judgment "if the motion and

2

supporting materials—including the facts considered undisputed—show that the movant is entitled to it," or issue any other appropriate order. Fed. R. Civ. P. 56(e).

The plaintiff's motion does not comply with Federal Rule of Civil Procedure 56 or the court's Civil Local Rule 56. The plaintiff did not file any exhibit, affidavit, or declaration in support of his motion and does not reference anything in the record in support of his motion or proposed facts. His motion in effect reiterates the allegations in his complaint and concludes that he is entitled to judgment as a matter of law. But as noted, allegations alone are insufficient to grant a motion for summary judgment. Because the plaintiff's motion does not comply with the Federal or Local rules and provides no evidence showing that he is entitled to judgment as a matter of law, I will deny his motion.[1]

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for summary judgment (ECF No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

---

[1] On October 8, 2021, nearly two months after filing his motion for summary judgment, the plaintiff filed two declarations. ECF Nos. 24 & 25. The plaintiff's brief and proposed findings of fact do not cite these declarations, one of which was signed *after* the plaintiff filed his motion. I find that these declarations do not support the plaintiff's motion and do not change my analysis.